UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| Ashley Hancock, *on behalf of herself and others similarly situated*, | ) ) ) | Civil Action No.: 5:21-cv-119 |
| Plaintiff, | ) ) | Jury Trial Demanded |
| v. | ) ) | |
| Credit Corp Solutions Inc., | ) ) | |
| Defendant. | ) ) ) | |

**CLASS ACTION COMPLAINT**

## Nature of this Action

1. Ashley Hancock ("Plaintiff") brings this class action against Credit Corp Solutions Inc. ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692d.

2. Section 227(b)(1)(A)(iii) of the TCPA sets forth restrictions on the use of automated telephone equipment and prerecorded voice calls, and provides in pertinent part:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
>
> *****
>
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

3. Upon information and belief, Defendant routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by placing non-emergency telephone calls to consumers' cellular telephone numbers by using an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice, without the prior express consent of the consumers, in that Defendant repeatedly places calls to wrong or reassigned telephone numbers that do not belong to the intended recipients of the calls. *See Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014) (explaining that only the current subscriber to a cellular telephone number can provide valid consent to receive calls made by an ATDS); *accord Lemos v. Credit One Bank, N.A.*, 960 F.3d 1164, 1166 (9th Cir. 2020) ("The principal question in this case is whether Credit One can escape liability under the TCPA because the party it intended to call (its customer) had given consent to be called, even though the party it actually called had not. Consistent with every circuit to have addressed this issue, we hold that this

argument fails under the TCPA's text, most naturally read.")

4. Section 1692d of the FDCPA provides:

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

5. Upon information and good faith belief, Defendant routinely violates 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse consumers in connection with the collection of debts, in that it continues to place calls to consumers for the purpose of debt collection even after it was made aware, or should know, that it is placing calls to the wrong person and telephone number.

## Jurisdiction and Venue

6. This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3), 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331.

7. Venue is proper before this Court under 28 U.S.C. § 1391(b) as a substantial portion of the events giving rise to this action occurred in this district.

8. In particular, Defendant directed autodialed calls to Plaintiff in this jurisdiction, and Plaintiff received Defendant's autodialed calls in this jurisdiction.

## Parties

9. Plaintiff is a natural person who at all relevant times resided in Fayetteville, North Carolina.

10. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

11. Defendant is a debt collection company with principal offices located in Utah.

2

Case 5:21-cv-00119-D   Document 1   Filed 03/11/21   Page 3 of 14

12. Defendant describes itself as "a receivables management company that purchases and collects consumer debt including unpaid retail finance and sales finance credit cards and personal loans."[1]

13. Defendant "purchase[s] delinquent debts from financial services providers."[2]

14. Defendant is an entity that at all relevant times was engaged, by use of the telephone, in the business of attempting to collect a "debt"—in default—as defined by 15 U.S.C. § 1692a(5).

15. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, or to regularly collect or attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

16. Defendant identifies itself as a debt collector in its communications with consumers, and is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

17. On its website, Defendant states: "Please understand that Credit Corp Solutions is a debt collector. Any communications with consumers by Credit Corp Solutions is an attempt to collect a debt any information obtained will be used for that purpose."[3]

18. Defendant applied for and obtained an Automatic Dial Announcing Device permit from the Public Utility Commission of Texas, no. 160015, which it last renewed in 2021.

### Factual Allegations

19. Beginning in or around February 2021, Defendant placed a host of calls to Plaintiff's cellular telephone number—(814) XXX-1410.

---

[1] https://creditcorponline.com/#faqs (last visited March 11, 2021).

[2] https://creditcorponline.com/#faqs (last visited March 11, 2021).

[3] https://creditcorponline.com (last visited March 11, 2021).

20. Plaintiff is the regular and sole user of her cellular telephone number.

21. To that end, Defendant placed multiple calls to Plaintiff's cellular telephone number from telephone number (855) 323-1871, including several calls on February 25, 2021, two calls on March 4, 2021, and at least one call on March 5, 2021, March 8, 2021, and March 9, 2021.

22. When dialed, telephone number (855) 323-1871 delivers a prerecorded message that states: "For English press 1 . . . thank you for calling Credit Corp Solutions. Calls may be monitored or recorded. This communication is from a debt collector and is an attempt to collect a debt . . . ."

23. Upon information and good faith belief, Defendant maintains business records that show all calls it placed to Plaintiff's cellular telephone number.

24. Plaintiff answered several of Defendant's calls.

25. Each time Plaintiff answered one of Defendant's calls, she encountered a delay, and had to say hello more than once before one of Defendant's agents began speaking.

26. Defendant informed Plaintiff that it was looking for a person named "Gilissa."

27. Plaintiff is not "Gilissa" and does not know anyone by that name.

28. Plaintiff informed Defendant on multiple occasions that it was calling the wrong number.

29. Despite informing Defendant that it was calling the wrong number, Defendant continued placing calls to Plaintiff's cellular telephone number.

30. In addition, Plaintiff was unable to answer several of Defendant's calls while undergoing medical treatment.

31. Plaintiff's voicemail greeting identifies her as Ashley.

32.     Accordingly, Defendant knew that it was calling the wrong number both because Plaintiff informed it directly, and because Plaintiff's voicemail greeting identified her as Ashley and not "Gilissa."

33.     Despite knowing it was calling the wrong person, Defendant continued placing calls to Plaintiff's cellular telephone number.

34.     Of note, Plaintiff's experiences with Defendant are not unique, as evidenced by consumer complaints:

- This number just called me and it came up liked a saved contact in my phone under "Account Services". They asked for my ex...which this has never been his phone number nor on his phone bill. I told them they had the wrong number and they continued to ask me how they could get a hold of my ex. Nope, I said "wrong number!" *See* https://800notes.com/Phone.aspx/1-855-323-1871 (last visited March 10, 2021)

- They call asking for Linda despite my telling them no one by that name uses the phone, repeatedly. They've called daily for roughly the past week, then every couple days for the whole last month. *See* https://800notes.com/Phone.aspx/1-855-323-1871 (last visited March 10, 2021).

- They have called for more 6 months asking for someone whom I don't know...not once has anyone identified themselves and the reason for calling. https://800notes.com/Phone.aspx/1-855-323-1871/2 (last visited March 10, 2021).

35.     Plaintiff is not, nor was, Defendant's customer.

36.     Plaintiff does not, nor did, have any business relationship with Defendant.

37.     Plaintiff does not, nor did, have any account with Defendant.

38.     Plaintiff does not owe any money to Defendant.

39.     Plaintiff did not provide her cellular telephone number to Defendant.

40.     Plaintiff did not give Defendant prior express consent to place calls to her cellular telephone number by using an automatic telephone dialing system, or an artificial or prerecorded voice.

5

41. Defendant placed its calls to Plaintiff's cellular telephone number in an effort to reach a third party.

42. Plaintiff does not know the third party that Defendant attempted to reach by placing calls her cellular telephone number.

43. Upon information and good faith belief, and in light of the nature and character of the calls at issue, including the delay before a representative came on the line and the prerecorded nature of the voice message played when returning a call to Defendant, Defendant placed its calls to Plaintiff's cellular telephone number by using an automatic telephone dialing system.

44. Upon information and good faith belief, and in light of the nature and character of the calls at issue, including the delay before a representative came on the line and the prerecorded nature of the voice message played when returning a call to Defendant, Defendant placed its calls to Plaintiff's cellular telephone number by using a dialing system that stores telephone numbers to be called, and then dials automatically.

45. Upon information and good faith belief, Defendant utilizes a predictive dialer to place outbound collections calls.

46. A predictive dialer is a type of ATDS that has the capacity to store numbers to be called, and to dial such numbers automatically (even if the system must be turned on or triggered by a person).

47. An online job description for a Customer Relationship Manager position with Defendant identifies job responsibilities that include: "Working a mix of an auto-dialer and manual calling; a typical day will be 200 to 300 calls."[4]

---

[4] https://app.joinhandshake.com/employers/credit-corp-solutions-inc-192001 (last visited March 10, 2021).

48. Upon information and good faith belief, Defendant placed its calls to Plaintiff's cellular telephone number for non-emergency purposes.

49. Rather, Defendant's calls to Plaintiff's cellular telephone number were in an apparent effort to reach one of Defendant's accountholders and for the purpose of attempting to collect a debt.

50. Upon information and good faith belief, Defendant placed its calls to Plaintiff's cellular telephone number voluntarily.

51. Upon information and good faith belief, Defendant placed its calls to Plaintiff's cellular telephone number under its own free will.

52. Upon information and good faith belief, Defendant had knowledge it was using an automatic telephone dialing system to place its calls to Plaintiff's cellular telephone number.

53. Plaintiff suffered actual harm as a result of Defendant's calls in that she suffered an invasion of privacy, an intrusion into her life, and a private nuisance.

54. Upon information and good faith belief, Defendant, as a matter of pattern and practice, uses an ATDS, and an artificial or prerecorded voice, to place calls, absent prior express consent, to telephone numbers assigned to a cellular telephone service.

**Class Action Allegations**

55. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following classes:

> *TCPA Class*: All persons and entities throughout the United States (1) to whom Credit Corp Solutions Inc. placed, or caused to be placed, at least one call (2) directed to a number assigned to a cellular telephone service, by (3) using an automatic telephone dialing system or an artificial or prerecorded voice, (4) from March 11, 2017 through and including the date of class certification, (5) where the called party did not have an account with Credit Corp Solutions Inc.

> *FDCPA Class*: All persons and entities throughout the United States (1) to whom Credit Corp Solutions Inc. placed, or caused to be placed, calls, (2) from March 11, 2020 through and including the date of class certification, (3) and in connection with the collection of a consumer debt, (4) after Credit Corp Solutions Inc. was informed that it was calling the wrong person.

56. Excluded from the classes are Defendant, Defendant's officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

57. "Given the remedial purpose of the TCPA, it is no surprise that its cause of action would be conducive to class-wide disposition." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 656 (4th Cir. 2019).

58. Upon information and belief, the members of the classes are so numerous that joinder of all of them is impracticable.

59. The exact number of the members of the classes is unknown to Plaintiff at this time and can be determined only through appropriate discovery.

60. The classes are ascertainable because the classes are defined by reference to objective criteria.

61. In addition, the members of the classes are identifiable in that, upon information and belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendant and by third parties.

62. Plaintiff's claims are typical of the claims of the members of the classes because all of the class members' claims originate from the same conduct, practice and procedure on the part of Defendant, and Plaintiff possesses the same interests and has suffered the same injuries as each class member.

63. Like all members of the proposed TCPA Class, Plaintiff received autodialed calls

from Defendant, without her consent, in violation of 47 U.S.C. § 227.

64. Further, like all members of the proposed FDCPA Class, Plaintiff received telephone calls from Defendant in connection with the collection of a consumer debt that she did not owe, after Defendant was made aware that it was placing calls to the wrong person or telephone number.

65. Plaintiff will fairly and adequately protect the interests of the members of the classes and has retained counsel experienced and competent in class action litigation.

66. Plaintiff has no interests that are contrary to or in conflict with the members of the classes that she seeks to represent.

67. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.

68. Furthermore, as the damages suffered by individual members of the classes may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the classes to individually redress the wrongs done to them.

69. There will be little difficulty in the management of this action as a class action.

70. Issues of law and fact common to the members of the classes predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to each class.

71. Among the issues of law and fact common to the classes are:

    a. Defendant's violations of the TCPA as alleged in this class action complaint;

    b. Defendant's violations of the FDCPA as alleged in this class action complaint;

    c. Defendant's use of an ATDS as defined by the TCPA;

  d. Defendant's practice of placing calls to wrong or reassigned cellular telephone numbers;

  e. Defendant's practice of continuing to call consumers after being made aware it placed calls to the wrong number or wrong person;

  f. Defendant's status as a debt collector as defined by the FDCPA; and

  g. the availability of statutory damages.

72. Absent a class action, Defendant's violations of the law will be allowed to proceed without a full, fair, judicially supervised remedy.

73. If brought and prosecuted individually, the claims of the members of the classes would require proof of the same material and substantive facts.

74. The pursuit of separate actions by individual members of the classes would, as a practical matter, be dispositive of the interests of other members of the classes, and could substantially impair or impede their ability to protect their interests.

75. The pursuit of separate actions by individual members of the classes could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

76. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the classes.

77. The pursuit of Plaintiff's claims, and the claims of the members of the classes, in one forum will achieve efficiency and promote judicial economy.

78. Defendant has acted or refused to act on grounds generally applicable to the members of the classes, making final declaratory or injunctive relief appropriate.

### Count I—Violation of 47 U.S.C. § 227(b)(1)(A)(iii)

79. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-78.

80. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by using an automatic telephone dialing system to place calls to Plaintiff's cellular telephone number and the cellular telephone numbers of the members of the TCPA Class without consent.

81. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff, and the members of the TCPA Class, are entitled to damages in an amount to be proven at trial.

### Count II: Violations of 15 U.S.C. § 1692d and § 1692d(5)

82. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-78.

83. Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of consumer debts.

84. Defendant violated 15 U.S.C. § 1692d(5) by causing Plaintiff's cellular telephone to ring repeatedly or continuously, with intent to annoy, abuse, or harass Plaintiff at the called number.

85. Defendant did so by repeatedly dialing Plaintiff's telephone number after being made aware it was calling the wrong person.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    (a) Determining that this action is a proper class action and designating Plaintiff as class representative under Rule 23 of the Federal Rules of Civil Procedure;

(b) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii), and enjoining Defendant from continuing to place calls to Plaintiff's cellular telephone number, from placing calls to consumers' cellular telephone numbers by using an ATDS without the prior express consent of the consumers, and from committing further violations of 47 U.S.C. § 227(b)(1)(A)(iii);

(c) Adjudging that Defendant violated 15 U.S.C. § 1692d and 15 U.S.C. § 1692d(5), and enjoining Defendant from further violations of 15 U.S.C. § 1692d and 15 U.S.C. § 1692d(5) with respect to Plaintiff and the other members of the FDCPA Class;

(d) Awarding Plaintiff and members of the TCPA Class statutory damages pursuant to 47 U.S.C. § 227(b)(3) in an amount up to $1,500.00 per violation;

(e) Awarding Plaintiff and members of the FDCPA Class statutory damages pursuant to 15 U.S.C. § 1692k;

(f) Awarding Plaintiff and members of the classes their reasonable costs, expenses, and attorneys' fees incurred in this action, including expert fees, pursuant to 15 U.S.C. § 1692k and Rule 23 of the Federal Rules of Civil Procedure; and

(g) Awarding other and further relief as the Court may deem just and proper

**Demand for Jury Trial**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Date: March 11, 2021                    /s/ Wesley S. White
                                        Wesley S. White
                                        Law Offices of Wesley S. White
                                        State Bar No.: 43916
                                        2300 E. 7th Street, Suite 101
                                        Charlotte, NC 28204
                                        Phone: (702) 824-1695
                                        wes@weswhitelaw.com

                                        Michael L. Greenwald (to seek special admission)
                                        Greenwald Davidson Radbil PLLC
                                        7601 N. Federal Highway, Suite A-230
                                        Boca Raton, Florida 33487
                                        Telephone: (561) 826-5477
                                        mgreenwald@gdrlawfirm.com

                                        Counsel for Plaintiff and the proposed classes